1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Dosker (CA Bar # 114789)
2  Michael W. Kelly (CA Bar # 214038)
   Joseph A. Meckes (CA Bar # 190279)
3  Angela N. O'Rourke (CA Bar # 211912)
   Michelle M. Full (CA Bar # 240973)
4  One Maritime Plaza, Third Floor
   San Francisco, CA  94111-3492
5  Telephone:      +1.415.954.0200
   Facsimile:      +1.415.393.9887
6
   Attorneys for Petitioner
7  CINTAS CORPORATION

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  IN RE:                                Lead Case No. M:06-cv-01781-SBA

12  CINTAS CORP. OVERTIME PAY             NOTICE OF MOTION AND MOTION BY
    ARBITRATION LITIGATION                PETITIONER CINTAS CORPORATION FOR
13                                        ORDERS ESTABLISHING THAT:
                                          (1) THE MAKING OF EACH ARBITRATION
14                                        AGREEMENT AS BETWEEN CINTAS AND
                                          EACH RESPONDENT IS NOT IN ISSUE;
15                                        AND (2)  THE FAILURE OF EACH
                                          RESPONDENT TO COMPLY WITH HIS OR
16                                        HER ARBITRATION AGREEMENT IS NOT
                                          IN ISSUE; AND (3) WITH THE FOREGOING
17                                        ESTABLISHED THERE ARE NO FURTHER
                                          PRETRIAL PROCEEDINGS TO BE HELD
18                                        AND AS SUCH, UNDER JPML RULE
                                          7.6(c)(ii) THE MDL TRANSFEREE JUDGE
19                                        SUGGESTS TO THE JPML THAT EACH
                                          PETITION PROCEEDING BE RETURNED
20                                        TO THE DISTRICT COURT WHERE IT WAS
                                          FILED FOR ENTRY BY EACH
21                                        TRANSFEROR DISTRICT COURT OF AN
                                          ORDER COMPELLING ARBITRATION IN
22                                        THAT DISTRICT OF SUCH
                                          RESPONDENTS' CLAIMS;
23                                        MEMORANDUM IN SUPPORT THEREOF

24                                        E-Filing

25                                        Date:        December 12, 2006
                                          Time:        1:00 p.m.
26                                        Courtroom:  3

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA

1

**TABLE OF CONTENTS**

2

**Page**

3 **I.**  **STATEMENT OF FACTS AND ISSUES**........................................................................ **2**

4 **II.** **THE MAKING OF EACH ARBITRATION AGREEMENT; AND THE**
    **FAILURE OR NEGLECT OR REFUSAL BY EACH RESPONDENT TO**
5    **COMPLY WITH HIS OR HER ARBITRATION AGREEMENT; ARE NOT**
    **IN ISSUE.** ............................................................................................................................ **7**

6
    A.  The Role of This Court in The MDL Proceedings .................................... 7
7
    B.  The  Veliz Court Has Already Ruled That Each of the Arbitration
8       Agreements at Issue in the MDL cases Is Enforceable and Valid. ......................... 8

9    C.  Each of the Respondents Has Failed, Neglected or Refused to Arbitrate in
       The Manner Provided For in His or Her Arbitration Agreement............................ 9
10

11 **III.** **BECAUSE ALL PRETRIAL ISSUES HAVE BEEN DETERMINED, THE**
    **COURT SHOULD INCLUDE IN ITS ORDER A SUGGESTION -- TO THE**
12    **JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION -- OF REMAND**
    **TO THE TRANSEROR DISTRICT COURTS** ..................................................... **12**

13 **IV.**  **CONCLUSION** ............................................................................................................... **13**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 NOTICE OF AND MOTION;  MEMORANDUM OF   -i-
  POINTS AND AUTHORITIES
   Lead Case No. M:06-cv-01781-SBA

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

*Bear, Stearns, & Co. v. Bennett,*
   938 F.2d 31 (2d Cir. 1991) .................................................................. 11

4

*Carter v. Countrywide Credit Industrial,*
   362 F.3d 294 (5th Cir. 2004) ............................................................... 12

5

*Dean Witter Reynolds Inc. v. Byrd,*
   470 U.S. 213 (1985) ............................................................................ 11

6

*Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
   725 F.2d 192 (2d Cir. 1984) ................................................................. 9

7

*First Family Finance Serv., Inc. v. Fairley,*
   173 F.Supp.2d 565 (S.D. Miss 2001) .................................................. 9

8

*Household Bank, F.S.B. v. Allen,*
   2001 U.S.Dist. LEXIS 8796 (D. Miss. 2001) ..................................... 9

9

*Kuehner v. Dickinson & Co.,*
   84 F.3d 316 (9th Cir. 1996) ................................................................. 12

10

*LAIF X SPRL v. Axtel, S.A. de C.V.,*
   390 F.3d 194 (2d Cir. 2004) ................................................................. 9

11

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
   523 U.S. 26 (1998) .............................................................................. 7

12

*Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.,*
   460 U.S. 1 (1983) ............................................................................... 11

13

*Painewebber Inc. v. Faragalli,*
   61 F.3d 1063 (3d Cir. 1995) ................................................................ 9

14

*Prickett v. Dekalb County,*
   349 F.3d 1294 (11th Cir. 2003) ........................................................... 10

15

*Roque v. Applied Materials, Inc.,*
   2004 U.S.Dist. LEXIS 10477 (D. Or. 2004) ...................................... 9

16

*Sterling Finance Investment Group, Inc. v. Hammer,*
   393 F.3d 1223 (11th Cir. 2004) ......................................................... 11

17

*Volt Information Sciences v. Board of Trustees,*
   489 U.S. 468 (1989) ....................................................................... 11, 12

18

19

### FEDERAL STATUTES

20

9 U.S.C. § 3   ........................................................................................ 3
9 U.S.C. § 4   .................................................................. 1, 3, 4, 8, 9, 12, 13

21

28 U.S.C. § 1407 ................................................................................... 6, 7
29 U.S.C. § 216 ...................................................................................... 2

22

23

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA      - ii -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

NOTICE THAT on December 12, 2006 at 1:00 p.m., or as soon thereafter as the matter may be

heard, in Courtroom 3 of the above-entitled Court, located at 1301 Clay Street, Third Floor,

Oakland, California, Defendant Cintas Corporation ("Cintas") will and hereby does move the

Honorable Saundra Brown Armstrong, the transferee court in the above-captioned matter, for an

Order granting the relief sought by this Motion. Cintas makes this Motion in the Lead Case and

all Member Cases under it, which Member Cases are listed in the Appendix hereto.[1]

By this Motion, Cintas seeks the following relief from the MDL transferee court -- An

Order establishing that:

1.      The making of each arbitration agreement as between Cintas and each Respondent

is not in issue. *See* 9 U.S.C. §4.

2.      The failure or neglect or refusal by each Respondent to comply with his or her

arbitration agreement with Cintas is not in issue.  *See* 9 U.S.C. §4.

3.      There are no further pretrial proceedings to be held in these Petition proceedings,

once points #1 and #2 above are established; and those points being so established, the MDL

transferee judge's Order shall include a suggestion to the Judicial Panel on Multidistrict Litigation

("JPML") pursuant to JPML Rule 7.6(c)(ii) for remand of each Petition proceeding to the

transferor Court in which it was filed, for entry by such Court of an Order granting said Petition.

This Motion is based upon this Notice of Motion, Motion and Memorandum of Points

and Authorities, the Request for Judicial Notice filed herewith, the Declaration of Mark C.

Dosker filed herewith, the Declaration of Johnette P. Smith filed herewith, the Reply papers to

be submitted in support of this Motion, upon such other or further papers as might be submitted

in support of this Motion, upon the record in this action, and upon oral argument to be presented

to the Court in support of this Motion at the hearing on this Motion.

---

[1] Cintas' counsel attempted to avoid the necessity of making this Motion, by meet and confer letter
sent to Respondents' counsel on October 12, 2006 by e-mail and also by U.S. Mail, so as to
stipulate to the Order sought by this Motion.  Declaration of Mark C. Dosker ("Dosker Decl.")
submitted  herewith at ¶10__.  Respondents' counsel did not respond.  Id.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES

Lead Case No. M:06-cv-01781-SBA                    - 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS AND ISSUES

The cases which comprise these multi-district proceedings consist of 70 Petition proceedings to compel arbitration filed in 70 District Courts by Cintas Corporation ("Cintas") ("the MDL cases").  Each of the Respondents in each of these cases is one of about 1,850 persons who opted into the Fair Labor Standards Act ("FLSA") collective action captioned *Veliz et al. v. Cintas Corporation et al.*, United States District Court for the Northern District of California Case No. 03-01180 (SBA) ("the *Veliz* Action").

On March 19, 2003, certain individuals who are not Respondents in any of the 70 Petition proceedings filed the *Veliz* Action.  The *Veliz* action was pled as a collective action for unpaid overtime under the FLSA.  Each of the Respondents is a party to an individual employment agreement with Cintas that provides for binding arbitration of all disputes with Cintas. Declaration of Mark C. Dosker submitted herewith ("Dosker Decl.") ¶4; Request for Judicial Notice submitted herewith ("RJN") Ex. 5. (*Veliz* Dkt 516).  Each of the Respondents is a person who filed with the Court in the *Veliz* action a "Consent to Sue" and who opted-in to the *Veliz* Action as a plaintiff in that action via the process outlined in 29 U.S.C. § 216(b). Id.

A copy of each Respondent's employment agreement --  which contains his or her arbitration agreement -- was submitted in the appropriate one of the MDL cases, as an Exhibit to the Declaration of Jenice Clendening submitted therein.  RJN ¶9; Dosker Decl. ¶5.  Each agreement requires that arbitration between Cintas and the signatory Respondent "be conducted in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes **and a place-of-arbitration term requiring that the arbitration be held in the county and state where the Respondent currently works for Cintas or most recently worked for Cintas**.  Id.[2]

On June 3, 2005, Cintas moved to stay further proceedings in the *Veliz* Action by the

---

[2] As the *Veliz* Court has previously recognized, each individual's arbitration agreement includes a place-of-arbitration term by which each individual and Cintas agreed that any arbitration would be held in the county where the individual works (or last worked) for RJN Ex.8 (*Veliz* Dkt.140) at 2:19-21.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

persons who are now Respondents in the 70 MDL cases, pursuant to Section 3 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 3).  In the *Veliz* Action, each of the persons who subsequently became Respondents in the 70 MDL cases was referred to as one of the "Stay Motion Plaintiffs". Dosker Decl. ¶6.   The plaintiffs in the *Veliz* Action (including those who are now Respondents in the MDL cases) did not deny that they were required to arbitrate their FLSA claims and any state law claims against Cintas.  Instead, through their counsel in the *Veliz* Action they filed a motion seeking an Order by the *Veliz* Court to deem Cintas's Motion to Stay under Section 3 of the FAA a petition to compel arbitration under Section 4 of the FAA.  *Veliz* Dkt 451 and all other papers in support thereof.

In doing so, Respondents were quite clearly trying to preemptively nullify the place-of-arbitration term in each arbitration agreement, by trying to themselves invoke FAA Section 4's requirement that a district court can compel arbitration only in the district where the petition is filed.  Previously, in motion proceedings that applied to 56 Plaintiffs in the *Veliz* Action who are not Respondents in the MDL cases, the *Veliz* Court ruled that FAA Section 4 dictates that the arbitral hearing and any other arbitral proceedings be held in the judicial district where the petition under Section 4 is filed, even if the petition under Section 4 is filed by a defendant in an action filed by plaintiffs who are subject to a place-of-arbitration term that would require arbitration elsewhere.[3]

In this context as to the *Veliz* Stay Motion Plaintiffs who are now Respondents in the 70 MDL cases, Cintas expressly chose not to move or petition this Court to compel arbitration under FAA Section 4, but instead expressly moved the *Veliz* Court only for a stay of litigation under FAA Section 3.  Previously, Cintas had expressly reserved its right to petition in the 70 District Courts under Section 4, although Cintas of course continued to possess such right whether it

---

[3] Cintas emphasizes that it is <u>not</u> moving or petitioning this MDL transferee Court to compel arbitration as to any Respondent.  That is the function of each of the 70 transferor courts.  Cintas is only moving for the Orders specified above so that the only arguable "pretrial proceedings" in the MDL cases may be established, and so that the MDL cases may be returned to the transferor courts for entry by each of them of an Order as sought by Cintas' petition in those courts, for arbitrations which are required – both by each enforceable arbitration agreement and also by FAA Section 4 – to be held in the District where each such petition was "<u>filed</u>".  9 U.S.C. §4 (emphasis added).

1    reserved it or not.  *Veliz* Dkt. 388 at 22-23; and *Veliz* Dkt. 463 at 1-4, 9.

2          Prior to the hearing on those motions, the *Veliz* Court issued an Order requiring the parties

3    to complete a meet and confer process and submit a joint stipulation identifying:  (a)  which of the

4    plaintiffs in the *Veliz* Action may litigate their claims before the *Veliz* Court; (b) which of the

5    plaintiffs were required to arbitrate their claims; and (c) which of the plaintiffs could not, by virtue

6    of a dispute between the parties, be confidently placed in either category by stipulation. RJN Ex. 1

7    (*Veliz* Dkt 500).  The *Veliz* Court's order also directed that the parties' joint stipulation specifically

8    reference plaintiffs by name, by applicable Employment Agreement, and any other identifying

9    information the parties believed would be helpful.  Id.

10         The parties submitted their joint stipulation on September 29, 2005.  RJN Ex. 2 (*Veliz* Dkt.

11   501).  Thereafter, on the record of a hearing on the motions then-pending before the *Veliz* Court,

12   the Respondents, through their counsel in the *Veliz* Action, stated unequivocally that they would

13   not arbitrate in accordance with the terms of their arbitration agreements (specifically, with the

14   place-of-arbitration provisions) but would instead seek to proceed in a single arbitration in San

15   Francisco, the tactical preference of Plaintiffs' counsel.  RJN Ex. 3 (*Veliz* Dkt. 512) at 87:15–18.

16         The *Veliz* Court granted Cintas' motion as to the Stay Motion Plaintiffs who are now the

17   Respondents in the MDL cases.  The *Veliz* Court first did so orally at the hearing on those

18   motions.  RJN Ex. 4 (*Veliz* Dkt. 518).  The *Veliz* Court so confirmed by its Minute Entry on

19   October 27, 2005 after the hearings were completed.  RJN Ex. 7 (*Veliz* Dkt. 514). The *Veliz* Court

20   ruled repeatedly in the hearings on the motions that the arbitration agreements are enforceable.

21   *See, e.g.,* RJN Ex. 4 (*Veliz* Dkt. 518) at 4:3-14, 6:23, 7:5-10, 25:2-28:24.

22         By Order filed on February 14, 2006, the *Veliz* Court fully documented its granting of

23   Cintas' motion to stay under FAA Section 3 and rejected the motion and all of the arguments by

24   the Stay Motion Plaintiffs (including those who are now the Respondents in these MDL cases) that

25   the Court should allow Respondents to proceed in arbitration in Northern California. RJN Ex. 5

26   (*Veliz* Dkt 516).  On the record of the hearings on those motions, the *Veliz* Court stated that the

27   motion and arguments by the Stay Motion Plaintiffs in the *Veliz* Action (the MDL cases

28   Respondents) were without any basis in fact or law and that the Stay Motion Plaintiffs (the MDL

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                    - 4 -

1  cases Respondents) had no statutory or case authorities or even factual support for their motion,

2  and that their counsel had no answer as to why the Stay Motion Plaintiffs (the MDL cases

3  Respondents) were disregarding what each of them had agreed to in his or her enforceable

4  arbitration agreement regarding the place of arbitration, other than the strategic desire of their

5  counsel to have all such persons in one location.  RJN Ex. 4  (*Veliz* Dkt 518) at 25:2-28:24.

6      The *Veliz* Court's Order adopted in full the reasons that it stated on the record at the

7  hearings on Cintas' motion for stay and on the motion by the persons who are now Respondents in

8  the MDL cases.  RJN Ex. 5 (*Veliz* Dkt. 516) at 1:25–27.  Repeatedly at those hearings, the *Veliz*

9  Court stated that the arbitration agreements are enforceable.  *See, e.g.,* RJN Ex 3 (*Veliz* Dkt.. 512)

10  at 5:4–6:2; 8:22–9:18; 10:18, and 12:19 and RJN Ex. 4 (*Veliz* Dkt 518) at 4:3-14, 6:23, 7:5-10,

11  25:2-28:24.  The *Veliz* Court's Order lists by name each of the persons who are now Respondents

12  in the MDL cases.  RJN Ex 5 (*Veliz* Dkt. 516); Dosker Decl. ¶7.

13     Despite the *Veliz* Court's Order that litigation be stayed until each of the persons listed

14  therein has arbitrated in accordance with the terms of his or her individual employment

15  agreements, however, each of those persons has failed or neglected to refused, and continues to

16  fail or neglect or refuse to comply with his or her agreement, seeking instead to arbitrate his or her

17  claims in Northern California despite the place-of-arbitration term in his or her agreement.  RJN

18  Ex. 3 (*Veliz* Dkt. 512) at 87:15–18.  Respondents' counsel have repeatedly shown through their

19  conduct and their statements that the Respondents will not abide by the place-of-arbitration terms

20  and will press on by all possible means in attempting to have their claims either litigated or

21  arbitrated in a single proceeding in Northern California.

22     Thus, in mid-March 2006 promptly after the *Veliz* Court's Order, RJN Ex 5 (*Veliz* Dkt.

23  516), and in view of the Respondents' failure and neglect and refusal to arbitrate in accordance

24  with the terms of their agreements, Cintas did what it said in the *Veliz* Action that it reserved the

25  right to do.  Cintas filed petitions to compel arbitration under Section 4 of the FAA in the 70

26  United States District Courts for those Districts encompassing the geographic areas where each

27  Stay Motion Plaintiff had last worked for Cintas.  Dosker Decl. ¶ 7.  By those petitions, Cintas

28  seeks to compel each of the Respondents therein (*i.e.*, each of whom is a Stay Motion Plaintiff

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                    - 5 -

1   covered by the *Veliz* Court's rulings as described above) to arbitrate in the judicial district where

2   each Section 4 petition was filed, in accordance with the terms of each individual Respondent's

3   arbitration agreement. *Id.*

4       The *Veliz* plaintiffs thereafter made a motion to the Judicial Panel on Multidistrict

5   Litigation ("JPML") to transfer the 70 Petition cases to the Honorable Saundra Brown Armstrong

6   of the United States District Court for the Northern District of California, for pretrial proceedings.

7       Service of process, and service of all papers in each Petition proceeding which constitute

8   these MDL cases, has been completed.  Service on many Respondents was accomplished in the

9   ways which are reflected in the Returns of Service filed in the records of various of the Petition

10  proceedings.  RJN ¶9; Dosker Decl. ¶8.  Service on all Respondents (including a complete second

11  service on those already served personally or through Notice and Acknowledgement of Receipt or

12  by other legally authorized methods) was accomplished as follows.  In May 2006, counsel for

13  Respondents confirmed that any one of such counsel was authorized to, and would, accept service

14  and that service would be complete upon mailing the papers to such counsel. Dosker Decl. ¶8.

15  Thereafter, that confirmation was further reflected in a Stipulation which was entered into in each

16  of the Petition proceedings, and which was filed as a Stipulation and Order in each Petition

17  proceeding except three.[4] RJN ¶10 and Ex. 9; Dosker Decl. ¶8.  Pursuant to the agreement by

18  Respondents through their counsel, and the Stipulation or the Stipulation and Order in the 70

19  Petition proceedings, service of all papers in the Petition proceedings has been completed as to all

20  Respondents.  Id; Declaration of Johnette P. Smith submitted herewith.

21      On August 18, 2006, the JPML ordered the 70 FAA Section 4 petition cases transferred to

22  this Court pursuant to 28 U.S.C. § 1407 solely for consolidated pretrial proceedings, under the

23  name *In re Cintas Corp. Overtime Pay Arbitration Litigation,* MDL Docket No. 1781.

24      None of the Respondents has commenced any arbitration to be held in the county where he

25  or she works for Cintas or last worked for Cintas, the place of arbitration agreed to in his or her

26

27  [4] In those three Petition proceedings, service was accomplished as agreed to pursuant to the
    confirmed authorization of Respondents' counsel and also by stipulation, but not by an Order

28  thereon, because those three courts had held further court proceedings in abeyance pending the
    outcome of the *Veliz* plaintiffs' motion to the JPML.  Dosker Decl. ¶8.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA          - 6 -

1  arbitration agreement.  Dosker Decl. ¶ 9.

2

3  **II.     THE MAKING OF EACH ARBITRATION AGREEMENT; AND THE FAILURE
4          OR NEGLECT OR REFUSAL BY EACH RESPONDENT TO COMPLY WITH
          HIS OR HER ARBITRATION AGREEMENT; ARE NOT IN ISSUE.**

5      **A.     The Role of This Court in The MDL Proceedings**

6          The role of a transferee court in MDL proceedings is substantially limited.  The statute

7  governing multidistrict litigation provides that:

8
9          When civil actions involving one or more common questions of fact are pending in
           different districts, such actions may be transferred to any district **for coordinated
10         or consolidated pretrial proceedings**. Such transfers shall be made by the judicial
           panel on multidistrict litigation authorized by this section upon its determination
11         that transfers for such proceedings will be for the convenience of parties and
           witnesses and will promote the just and efficient conduct of such actions. **Each
12         action so transferred shall be remanded by the panel at or before the
           conclusion of such pretrial proceedings to the district from which it was
13         transferred unless it shall have been previously terminated.**

14 28 U.S.C. § 1407 (emphasis added).

15         Thus, this MDL transferee Court must make any necessary rulings in "coordinated or
16
   consolidated pretrial proceedings" in these MDL cases and, upon completion of those consolidated
17
   or completed pretrial proceedings, suggest that the Judicial Panel on Multidistrict Litigation
18
   ("JPML") remand the case to the transferor court for final resolution.  *See Lexecon, Inc. v. Milberg
19
20 *Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) (the JPML is *required* to transfer cases
21 back to their transferor courts no later than upon completion of pretrial proceedings; the statute's
22 language is absolutely mandatory); JPML Rule 7.6(c)(ii) (MDL transferee Court to make
23 suggestion to JPML to remand once pretrial proceedings are completed).
24
25         In cases like the MDL cases, which were filed under in the transferor courts by a "Petition
26 For Order Directing Arbitration to Proceed in the Manner Provided For in Written Agreement for
27 Arbitration, in Accordance with the Terms of the Agrement, Pursuant to 9 U.S.C. §4", the FAA
28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1   establishes that there are only two questions which must be answered in pretrial proceedings.  The

2   FAA establishes that:

3          A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate
4          under a written agreement for arbitration may petition any United States district
           court . . . for an order directing that such arbitration proceed in the manner provided
5          for in such agreement. . . .  **The court shall hear the parties, and upon being
           satisfied that the making of the agreement for arbitration or the failure to**
6          **comply therewith is not in issue**, the court shall make an order directing the
           parties to proceed to arbitration in accordance with the terms of the agreement.
7

8   9 U.S.C. §4 (emphasis added).

9          Thus, the only two issues for this MDL transferee Court's consideration are:  (1)

10  whether Cintas and each Respondent made an agreement for arbitration; and (2) whether

11  each Respondent has failed or neglected or refused to comply with the terms of his or her

12  arbitration agreement.  There can be no dispute as to either.  Accordingly, this MDL

13  transferee Court must, for the reasons set forth below, hold that these two issues are

14  determined and suggest remand of the MDL cases to the transferor courts so that those

15  courts may execute the final role of a trial court with respect to FAA Section 4 petitions:

16

17  "mak[ing] an order directing the parties to proceed to arbitration in accordance with the

18  terms of the agreement."  9 U.S.C. §4.

19

20      **B.**      **The *Veliz* Court Has Already Ruled That Each of the Arbitration Agreements
                    at Issue in the MDL cases Is Enforceable and Valid.**

21         The *Veliz* Court has already ruled – repeatedly -- that the arbitration agreement entered into

22  by each of the Respondents and Cintas is valid and enforceable.  Moreover, the vast majority of

23  the Respondents have already stipulated to that effect.  The record is so rife with such references

24  that it is almost unnecessary to list them.

25         In the *Veliz* Action, the parties filed a stipulation which identifies by name each of the Stay

26  Motion Plaintiffs (each of whom is an MDL case Respondent) who admitted that he or she is a

27  party to a binding arbitration agreement with Cintas and must arbitrate his or her claims.  RJN Ex.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                    - 8 -

2  (*Veliz* Dkt 501).  The only persons who are MDL case Respondents but who did not so stipulate were persons from three states as to whom the Stay Motion Plaintiffs at that time argued against the enforceability of their arbitration agreements, and six individuals who at that time argued against the enforceability of their arbitration agreements for reasons specific to themselves.  Id. The *Veliz* Court ruled in Cintas' favor and against the persons from those three states, and in Cintas' favor against three of those six individuals.  RJN Ex. 5 (*Veliz* Dkt 516).  The other three individuals are not named as Respondents in any MDL case.

It is dispositive here that the *Veliz* Court ruled during proceedings regarding Cintas's motion to stay that each of the arbitration agreements of the persons who are now the MDL case Respondents is enforceable.  RJN Ex 3 (*Veliz* Dkt 512) at 5:4–6:2; 8:22–9:18, 10:18, and 12:19; RJN Ex 4 (*Veliz* Dkt. 518) at 4:3–14; 6:23, 7:5–10; and 25:2–28:24; RJN Ex. 5 (*Veliz* Dkt 516).

### C.    Each of the Respondents Has Failed, Neglected or Refused to Arbitrate in The Manner Provided For in His or Her Arbitration Agreement.

Similarly, there can be no dispute that each Respondent has failed or neglected or refused to arbitrate in accordance with the terms of his or her arbitration agreement.  A party has refused to arbitrate within the meaning of FAA Section 4 if he or she "commences litigation or is ordered to arbitrate the dispute [by the relevant arbitral authority] and fails to do so."  *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 195 (2d Cir. 1984)) (emphasis omitted); *see also Painewebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995) (an action to compel arbitration under Section 4 accrues "when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute"); *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004).

Where a party "commences litigation" (by filing a complaint, for instance) such commencement is absolutely sufficient to indicate that the party is refusing to arbitrate in accordance with the terms of the arbitration agreement.  *See First Family Fin. Serv., Inc. v. Fairley*, 173 F. Supp. 2d 565, 572 (S.D. Miss 2001) ("The Court cannot conceive of a more explicit refusal to arbitrate than the bringing of an arbitrable claim. . . ."); *Roque v. Applied*

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                    - 9 -

1  *Materials, Inc.*, 2004 U.S. Dist. LEXIS 10477, 12–13 (D. Or. 2004) ("By filing a complaint in

2  court, a party gives the adverse party actual notice of a refusal to arbitrate sufficient to satisfy § 4

3  of the FAA."); *Household Bank, F.S.B. v. Allen*, 2001 U.S. Dist. LEXIS 8796 (D. Miss. 2001).

4          Each of the Respondents has failed, neglected or refused to arbitrate in the manner

5  provided for in his or her arbitration agreement.  There are at least three such grounds, any one of

6  which is sufficient to require the MDL transferee Court to grant this motion by Cintas.

7          First, and independently sufficient for purposes of this motion, instead of proceeding to

8  arbitrate in the manner provided for under his or her arbitration agreement, each Respondent

9  caused his or her counsel to file a Consent-to-Sue form to make him or her a party plaintiff in the

10  *Veliz* Action, an act which made each of them equal in all respects to the named plaintiffs.  *See*

11  *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (by referring to opt-in plaintiffs

12  as "party plaintiffs," Congress indicated that opt-in plaintiffs should have the same status in

13  relation to the claims of the lawsuit as do the named plaintiffs).  By opting in to the *Veliz* Action,

14  Respondents explicitly failed, neglected or refused to arbitrate in the manner provided for under

15  his or her arbitration agreement.

16          Second, and independently sufficient for purposes of this motion, Respondents sought

17  affirmative relief in litigation in the *Veliz* Action by moving for an Order seeking to preemptively

18  invalidate or otherwise not have to comply with the place-of-arbitration term in each of their

19  arbitration agreements.   By litigating those matters in the *Veliz* Action, Respondents failed,

20  neglected or refused to arbitrate in the manner provided for under his or her arbitration agreement.

21  Indeed, the *Veliz* Court ruled that the motion and arguments by the Stay Motion Plaintiffs in the

22  *Veliz* Action (the MDL cases Respondents) were without any basis in fact or law and that the Stay

23  Motion Plaintiffs (the MDL cases Respondents) had no statutory or case authorities or even

24  factual support for their motion, and that their counsel had no answer as to why the Stay Motion

25  Plaintiffs (the MDL cases Respondents) were disregarding what each of them had agreed to in his

26  or her enforceable arbitration agreement regarding the place of arbitration, other than the strategic

27  desire of their counsel to have all such persons in one location.  RJN Ex. 4 (*Veliz* Dkt 518) at 25:2-

28  28:24.  The *Veliz* Court's Order adopted in full the reasons that the *Veliz* Court stated on the record

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                     - 10 -

1   at the hearings on Cintas' motion for stay and the plaintiffs (the MDL cases Respondents) motion.

2   RJN Ex 5 (*Veliz* Dkt. 516) at 1:25–27.

3           Third, and independently sufficient for purposes of this motion, Respondents' failure or

4   neglect or refusal to arbitrate in the place agreed to by each Respondent in his or her place-of-

5   arbitration term, and their attempts to arbitrate in Northern California, constitute their failure or

6   neglect or refusal to arbitrate in the manner provided for under each such Respondent's arbitration

7   agreement.  A failure, neglect or refusal to comply with a place-of-arbitration term[5] – even though

8   the person in question is attempting to arbitrate elsewhere -- constitutes grounds for establishing

9   under FAA Section 4 that the person is failing, neglecting or refusing to arbitrate in accordance

10  with the terms of the arbitration agreement.  *See, e.g., Bear, Stearns, & Co. v. Bennett*, 938 F.2d

11  31 (2d Cir. 1991) (compelling arbitration under FAA Section 4 in New York -- the place of

12  arbitration agreed to in the arbitration agreement -- after the opposing party filed a demand for

13  arbitration in Naples, Florida, because only arbitration in the appropriate place was "in accordance

14  with the terms of the agreement.");  *Sterling Fin. Inv. Group, Inc. v. Hammer*, 393 F.3d 1223 (11th

15  Cir. 2004) (compelling arbitration in the place designated by the place-of-arbitration term because

16  such arbitration was "in accordance with the terms of the agreement" pursuant to Section 4 of the

17  FAA.).

18          As the *Veliz* Court previously recognized, United States Supreme Court precedent

19  mandates that "private agreements to arbitrate [be] enforced according to their terms."  RJN Ex. 6

20  (*Veliz* Dkt. 426) at 3 quoting *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989).  Indeed, the

21  United States Supreme Court itself has put emphasis on that statutory right under the FAA – a

22  statutory right which here belongs to Cintas.  *Volt* 489 U.S. at 474-75 (1989) (emphasizing that

23  while "§ 4 of the FAA does not confer a right to compel arbitration of any dispute at any time; it

24  confers only the  right to obtain an order directing that 'arbitration proceed *in the manner provided*

25

26  [5] Indeed, in its rulings the *Veliz* Court has recognized the place-of-arbitration term as being exactly
    that: a place-of-arbitration term. For example, not just once or twice but at least seven (7) times in

27  its May 4, 2005 Order the *Veliz* Court called the place-of-arbitration term a place-of-arbitration
    term.  RJN Ex. 6 (*Veliz* Dkt. 426) at pages 2, 3, 3, 11, 11, 11, and 12.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA          - 11 -

*for in [the parties'] agreement*.'") (emphasis in original).

The United States Supreme Court has also long held that agreements to arbitrate must be enforced according to their terms "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) ("piecemeal resolution" of the parties' dispute is required "when necessary to give effect to an arbitration agreement").

Cintas has a substantive statutory right to the relief requested on this motion. 9 U.S.C. § 4; *Volt Info. Scis.,* 489 U.S. at 474-75.

In another case brought as a collective action under the FLSA, the plaintiffs argued that the court could invalidate a place-of-arbitration term because, in arbitration, it would "interfere with their right under the FLSA to proceed collectively, collect attorney fees, select their forum, and engage in appropriate discovery." *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 298 (5th Cir. 2004).  The Court of Appeals rejected that argument.  *Id.*  But in any event, all such issues are closed.  The *Veliz* Court has already ruled that each of the arbitration agreements of the Stay Motion Plaintiffs (who are the MDL case Respondents) is fully enforceable.[6]

**III.   BECAUSE ALL PRETRIAL ISSUES HAVE BEEN DETERMINED, THE COURT SHOULD INCLUDE IN ITS ORDER A SUGGESTION -- TO THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION -- OF REMAND TO THE TRANSEROR DISTRICT COURTS.**

In view of the Orders that this Court must grant as to the two foregoing points, there are no further pre-trial proceedings to be held in the MDL Petition cases.  9 U.S.C §4.  The MDL transferee Court has before it everything it needs to determine the limited pretrial proceedings in

---

[6] Moreover, citing Ninth Circuit precedent, the *Veliz* Court has already ruled that each of the persons in this matter waived his or her right to proceed collectively or as a class when he or she entered into his or her arbitration agreement.  RJN Ex. 6 (*Veliz* Dkt. 426) at 4-6; and *id.* at 6, citing *Kuehner v. Dickinson & Co.,* 84 F.3d 316, 320 (9th Cir. 1996).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA                    - 12 -

1  this matter.  Indeed, all the pretrial issues, to the limited extent they ever existed, were resolved

2  long before the MDL cases were transferred. Respondents have just refused to so acknowledge.

3     Now that all pretrial proceedings have been resolved, this Court should, under Rule

4  7.6(c)(ii) of the Rules of the Judicial Panel on Multidistrict Litigation, include in its Order a

5  suggestion to the JPML that the JPML should remand each Petition proceeding to the transferor

6  District Court where it was filed, for final resolution.  Accordingly, Cintas moves the Court for

7  and Order suggesting to the JPML that each Petition proceeding be returned to the District in

8  which it was "filed" (9 U.S.C. §4) for entry of an order by such transferor District Court

9  compelling arbitration of such Respondents' claims in that District.

10

11  **IV.**  <u>**CONCLUSION**</u>

12     For all of the foregoing reasons, Cintas respectfully submits that this motion must be

13  granted.

14

15  Dated:  October 20, 2006       Respectfully submitted,

16                    SQUIRE, SANDERS & DEMPSEY L.L.P.

17

18                    By: _____/s/_____

                     Mark C. Dosker

19                    Attorneys for Petitioner

20                    CINTAS CORPORATION

21

22

23

24

25

26

27

28

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

NOTICE OF AND MOTION;  MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. M:06-cv-01781-SBA    - 13 -

1

2

3                                         Appendix

4

5                   List of Member Cases under Lead Case No. M:06-cv-01781-SBA

6        4:06-cv-05078-SBA
         4:06-cv-05079-SBA
7        4:06-cv-05080-SBA
         4:06-cv-05081-SBA
8        4:06-cv-05082-SBA
         4:06-cv-05083-SBA
9        4:06-cv-05084-SBA
         4:06-cv-05085-SBA
10       4:06-cv-05086-SBA
         4:06-cv-05087-SBA
11       4:06-cv-05088-SBA
         4:06-cv-05089-SBA
12       4:06-cv-05090-SBA
         4:06-cv-05091-SBA
13       4:06-cv-05092-SBA
         4:06-cv-05093-SBA
14       4:06-cv-05094-SBA
         4:06-cv-05095-SBA
15       4:06-cv-05096-SBA
         4:06-cv-05097-SBA
16       4:06-cv-05098-SBA
         4:06-cv-05099-SBA
17       4:06-cv-05100-SBA
         4:06-cv-05101-SBA
18       4:06-cv-05102-SBA
         4:06-cv-05103-SBA
19       4:06-cv-05104-SBA
         4:06-cv-05105-SBA
20       4:06-cv-05106-SBA
         4:06-cv-05107-SBA
21       4:06-cv-05108-SBA
         4:06-cv-05109-SBA
22       4:06-cv-05110-SBA
         4:06-cv-05111-SBA
23       4:06-cv-05112-SBA
         4:06-cv-05113-SBA
24       4:06-cv-05114-SBA
         4:06-cv-05115-SBA
25       4:06-cv-05116-SBA
         4:06-cv-05117-SBA
26       4:06-cv-05119-SBA
         4:06-cv-05120-SBA
27       4:06-cv-05121-SBA
         4:06-cv-05122-SBA
28       4:06-cv-05123-SBA
         4:06-cv-05124-SBA
         4:06-cv-05126-SBA

1

2

3    4:06-cv-05127-SBA
     4:06-cv-05128-SBA
4    4:06-cv-05129-SBA
     4:06-cv-05130-SBA
5    4:06-cv-05131-SBA
     4:06-cv-05132-SBA
6    4:06-cv-05133-SBA
     4:06-cv-05134-SBA
7    4:06-cv-05135-SBA
     4:06-cv-05136-SBA
8    4:06-cv-05137-SBA
     4:06-cv-05138-SBA
9    4:06-cv-05139-SBA
     4:06-cv-05140-SBA
10   4:06-cv-05141-SBA
     4:06-cv-05142-SBA
11   4:06-cv-05143-SBA
     4:06-cv-05144-SBA
12   4:06-cv-05145-SBA
     4:06-cv-05146-SBA
13   4:06-cv-05147-SBA
     4:06-cv-05148-SBA
14   4:06-cv-05149-SBA

15

16

17

18

19

20

21

22

23

24

25

26

27

28