Michael Rubin (S.B. No. 80618)
Scott A. Kronland (S.B. No. 171693)
Eileen B. Goldsmith (S.B. No. 218029)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151 - Office
(415) 362-8064 - Fax

(Additional counsel on following page)

Attorneys for Defendants/Respondents

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CINTAS CORP. OVERTIME PAY ARBITRATION LITIGATION | CASE NO. M:06-cv-01781-SBA<br><br>**E-filing**<br><br>**REVISED ORDER GRANTING RESPONDENTS' MOTION TO CERTIFY JANUARY 12, 2007 ORDER UNDER 28 U.S.C. §1292(b) AND TO STAY THE ORDER, AND DENYING ALTERNATIVE MOTION FOR RECONSIDERATION AS MOOT** |

1  Theresa M. Traber (S.B. No. 116305)
   Laboni A. Hoq (S.B. No. 224140)
   TRABER & VOORHEES
2  128 N. Fair Oaks Avenue, Suite 204
   Pasadena, California 91103
3  (626) 585-9611 - Office
   (626) 577-7079 - Fax
4
   Theodor J. Pintar (S.B. No. 131372)
5  Steven W. Pepich (S.B. No. 116086)
   James A. Caputo (S.B. No. 120485)
6  Lawrence A. Abel (S.B. No. 129596)
   LERACH COUGHLIN STOIA GELLER
7   RUDMAN & ROBBINS LLP
   655 West Broadway, Suite 1900
8  San Diego, California 92101
   (619) 231-1058 - Office
9  (619) 231-7423 - Fax

10 Albert H. Meyerhoff, Esq. (S.B. No. 54134)
   LERACH COUGHLIN STOIA GELLER
11  RUDMAN & ROBBINS LLP
   355 South Grand Avenue, Suite 4170
12 Los Angeles, California 90071
   (213) 617-9007 - Office
13 (213) 617-9185 - Fax

14 Nancy Juda, Esq.
   LERACH COUGHLIN STOIA GELLER
15  RUDMAN & ROBBINS LLP
   1100 Connecticut Ave., N.W., Suite 730
16 Washington, D.C. 20036
   (202) 822-2024- Office
17 (202) 828-8528- Fax

REVISED [PROPOSED] ORDER GRANTING RESPONDENTS' MOTION TO CERTIFY JANUARY 12, 2007 ORDER UNDER 28 U.S.C. §1292(b) AND TO STAY THE ORDER; Case No. M:06-cv-01781-SBA

The Court has before it respondents' Motion to Certify the January 12, 2007 Order for Interlocutory Appeal, or in the Alternative, for Leave to File a Motion for Reconsideration; And to Stay the January 12, 2007 Order. Having heard the arguments of the parties, and for good cause shown, the Court hereby rules as follows. Pursuant to 28 U.S.C. §1292(b), the Court GRANTS the motion to certify the January 12, 2007 Order for interlocutory appeal to the Ninth Circuit. The January 12, 2007 Order is hereby STAYED pending decision by Ninth Circuit whether to accept this certified appeal, and any subsequent appeal proceedings. Respondents' alternative application for leave to move for reconsideration is DENIED AS MOOT. By separate order dated April 10, 2007, the Court has granted respondents' request to correct an inadvertent error in the January 12, 2007 Order.

## I. The MDL Court's January 12, 2007 Order Is Certified For Interlocutory Appeal.

Certification for interlocutory appeal is appropriate when an interlocutory order involves a controlling question of law on which there is a substantial ground for difference of opinion, whose immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). The Court finds that certification is merited here.

Whether the MDL Court has subject matter jurisdiction over Cintas' 70 stand-alone FAA §4 petitions to compel arbitration is a controlling question of law on which there is a substantial ground for difference of opinion with the MDL Court's ruling. A question of law is "controlling" if reversal of the district court's order "could materially affect the outcome of the litigation" or terminate the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also Klinghoffer v. SNC Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990); *APCC Servs., Inc. v. AT&T Corp.*, 297 F.Supp.2d 101, 105 (D.D.C. 2003) (controlling question is one that would "materially affect the course of litigation with resulting savings of the court's or the parties' resources"). Because these MDL actions would have to be dismissed for lack of jurisdiction if respondents prevail in the Ninth Circuit, and because all future orders in the transferor courts would have to be nullified if subject matter jurisdiction were eventually found to have been lacking, *see, e.g.*, *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988), the question whether the Court correctly found that it

has subject matter jurisdiction in this case is a controlling question of law. *U.S. ex rel. Wisconsin v. Dean*, 729 F.2d 1100, 1103 (7th Cir. 1984) (accepting certification where question of federal subject matter jurisdiction was presented); *APCC*, 297 F.Supp.2d at 107 ("where proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . certification may be justified"); *McClelland v. Gronwalt*, 958 F.Supp. 280, 283 (E.D. Tex. 1997) (certifying question of subject matter jurisdiction in class action).

Substantial ground for difference of opinion exists with respect to the issue of federal subject matter jurisdiction over Cintas' petition actions. "A substantial ground for dispute . . . exists where a court's challenged decision conflicts with the decisions of several other courts" or where there is no controlling precedent in the jurisdiction. *APCC*, 297 F.Supp.2d at 107. The parties agree that there is a substantial circuit split on this jurisdictional issue. The Second and Sixth Circuits hold that a stand-alone FAA §4 petition to compel does not derive federal subject matter jurisdiction from the federal character of the underlying claims to be arbitrated. *See, e.g.*, *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996); *Smith Barney, Inc. v. Sarver*, 108 F.3d 92, 94 (6th Cir. 1997). In contrast, the Fourth and Eleventh Circuits hold that a district court can derive federal subject matter jurisdiction over an independent FAA §4 petition to compel arbitration from the underlying federal claims to be arbitrated. *Discover Bank v. Vaden*, 396 F.3d 366 (4th Cir. 2005); *Tamiami Partners v. Miccosukee Tribe*, 177 F.3d 1212, 1223 n.11 (11th Cir. 1999).[1] The Ninth Circuit has not yet squarely ruled on this question. In this case, Cintas' 70 FAA §4 petitions stated no basis for federal jurisdiction except the

---

[1] The parties disagree about the state of the law on this point in several other circuits, including the Third, Fifth, Seventh and D.C. Circuits. *See PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995); *Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 986-88 (5th Cir. 1992); *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 27 F.3d 683 (5th Cir. 2001); *Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 659-60 (7th Cir. 2006); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1246-47 (D.C. Cir. 1999). The Court need not survey the law of these other circuits here, because it concludes the split between the Second and Sixth, and Fourth and Eleventh, Circuits is sufficient to create a "substantial difference of opinion" on the jurisdictional issue presented, and in any event, the Ninth Circuit's review of this purely legal issue will be *de novo*.

1 | FAA and 28 U.S.C. §1331. Pepich Decl. [Docket No. 17], Exh. V ¶2.[2] Thus, certifying the case for interlocutory appeal will afford the Ninth Circuit the opportunity to rule squarely on this important question of federal jurisdiction.

Finally, certification could materially advance the termination of the litigation. If the Ninth Circuit finds that this Court was without subject matter jurisdiction, the main MDL action and the 70 consolidated cases cannot proceed and must immediately be dismissed. The cases would no longer burden this Court or the dockets of the 70 transferor courts. Moreover, the protracted and expensive litigation, and burdens on the court system, that would result from the denial of §1292(b) certification would be entirely avoided. *See Cement Antitrust Litig.*, 673 F.2d at 1026; *McClelland*, 958 F.Supp. at 283 (certifying question of subject matter jurisdiction in class action potentially affecting thousands of class members, because reversal would materially advance the litigation). If the Court denied certification, its order suggesting remand would lead to the return of the 70 MDL cases to the transferor courts. If Cintas' petitions to compel arbitration were then granted after remand, each such order would be appealable, but to 11 different courts of appeals. 9 U.S.C. §16(a)(3) (final order relating to arbitration is appealable); *Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1302 (9th Cir. 1994) (order granting stand-alone FAA §4 petition is appealable under §16(a)(3)). It would needlessly multiply this litigation, at extraordinary expense to the parties and the court system, to require respondents to appeal 70 separate cases in 11 courts of appeals simply to obtain review of the MDL Court's single order covering each of the consolidated cases; and it would undermine the very purposes of the MDL proceeding that brought the cases together before this Court. However, if this Court certifies the order for interlocutory appeal and the Ninth Circuit accepts the appeal, the Ninth Circuit's ruling will be law of the case in these MDL proceedings. *In re Korean Airlines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987); *Hill*, 195 F.3d at 678.

Finally, certification is particularly appropriate in the context of MDL proceedings. Appellate

---

[2] *See also* Cintas' Request for Judicial Notice [Docket No. 41], Exh. 1. The Court GRANTS Cintas' request for judicial notice of an exemplar of its 70 petitions to compel arbitration that were coordinated and transferred to this Court by the JPML.

review of an MDL transferee court's pretrial orders generally proceeds in the court of appeals for the circuit in which the transferee court sits. *See, e.g.*, *Hill v. Henderson*, 195 F.3d 671, 677-78 (D.C. Cir. 1999); *Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1985); *Utah v. American Pipe & Constr. Co.*, 316 F.Supp. 837, 839 (C.D. Cal. 1970). A prompt appeal now will allow a single court to review the jurisdictional issue presented, thus "enhanc[ing] the likelihood of achieving the coordination benefits sought by [28 U.S.C.] §1407 (the 'just and efficient conduct' of multidistrict actions), as the circuit of the §1407 transferee court can give the issues a unified treatment." *Hill*, 195 F.3d at 678; *see also* Wright & Miller, Fed. Practice & Procedure §3862 at 369-70 (2007) ("appeals from pre-trial orders issued by the transferee court must be taken to the court of appeals embracing that district, not the court of appeals embracing the transferor district; otherwise there might be appeals from more than one transferor district with a risk of conflicting appellate decisions, which would create a situation wholly inconsistent with the basic purpose of Section §1407 "). For all of these reasons, the Court follows the favored MDL practice and certifies its order for interlocutory appeal. *See Hill*, 195 F.3d at 677 ("the practice has favored certification by the transferee court of potentially outcome determinative rulings for immediate, consolidated appeal under 28 U.S.C. §1292(b) or Fed. R. Civ. P. 54(b)").

Because the Court has certified the January 12, 2007 Order for interlocutory appeal, it denies respondents' alternative application for leave to file a motion for reconsideration as moot.

**II. The January 12, 2007 Order Is Stayed Pending Appeal.**

Under Fed. R. Civ. P. 62, the Court may stay the effect of its order upon showing either probable success on the merits and the possibility of irreparable harm, or the existence of serious questions going to the merits and a balance of hardships favoring the stay. *See Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Those standards are satisfied here.

Respondents have demonstrated that under the law of most circuits, a stand-alone petition under FAA §4 does not borrow federal subject matter jurisdiction from the federal character of the underlying

1 | claims sought to be arbitrated.  Accordingly, respondents have at a minimum raised "serious questions"
2 | about this Court's subject matter jurisdiction over Cintas' §4 petitions.  Moreover, if this Court's
3 | January 12, 2007 order takes effect before an appeal is decided, the dispersal of the MDL cases to 70
4 | separate courts before appeal can be taken would do irreparable harm by undermining the very purpose
5 | of this Court's decision to certify its order.  Therefore, the Court grants the requested stay of its January
6 | 12, 2007 Order pending respondents' application to the Ninth Circuit to proceed with the certified
7 | interlocutory appeal and any subsequent proceedings on appeal.

IT IS SO ORDERED.

DATED: 4/24/07

*Saundra B Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge