Michael Rubin (S.B. No. 80618)
Scott A. Kronland (S.B. No. 171693)
Eileen B. Goldsmith (S.B. No. 218029)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151 – Office
(415) 362-8064 – Fax
mrubin@altshulerberzon.com
skronland@atshulerberzon.com
egoldsmith@altshulerberzon.com

Theodor J. Pintar (S.B. No. 131372)
Steven W. Pepich (S.B. No. 116086)
James A. Caputo (S.B. No. 120485)
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058 – Office
(619) 231-7423 – Fax
tedp@csgrr.com
stevep@cgsrr.com
jimc@cgsrr.com
larrya@csgrr.com

Theresa M. Traber (S.B. No. 116305)
Laboni Hoq (S.B. No. 224140)
TRABER & VOORHEES
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
(626) 585-9611 – Office
(626) 577-7079 – Fax
tmt@tvlegal.com
lhoq@tvlegal.com

(Additional counsel on following page)

Attorneys for Plaintiffs PAUL VELIZ, *et al.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re CINTAS CORP. OVERTIME PAY ARBITRATION LITIGATION

Lead Case No. M:06-cv-01781-SBA

**PLAINTIFFS' OPPOSITION TO CINTAS' MOTION FOR INJUNCTION AGAINST ARBITRATION (MDL DKT. #68)**

E-Filing

Date: June 2, 2009
Time: 1:00 p.m.
Courtroom 3

Nancy Juda, Esq.
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
1100 Connecticut Ave., N.W., Suite 730
Washington, D.C. 20036
(202) 822-2024 – Office
(202) 828-8528 – Fax
nancyj@csgrr.com

Attorneys for Plaintiffs PAUL VELIZ, *et al.*

# TABLE OF CONTENTS

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. THIS COURT LACKS JURISDICTION TO ISSUE AN INJUNCTION WHILE THE APPEAL IS PENDING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. EVEN IF THIS COURT HAD JURISDICTION TO RULE ON THE MERITS OF CINTAS' MOTION, INJUNCTIVE RELIEF WOULD NOT BE WARRANTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Cintas Has Not Established A Likelihood Of Success. . . . . . . . . . . . . . . 7

B. The Remaining Factors Weigh Against Injunctive Relief. . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Amoco Production Co. v. Gambell*, 480 U.S. 531 (1987).. . . . . 6

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990). . . . . 5

*Camping Construction Co. v. District Council of Iron Workers*, 915 F.2d 1333 (9th Cir. 1990). . . . . 8

*Graphic Comm'ns Union v. Chicago Tribune Co.*, 779 F.2d 13 (7th Cir. 1985). . . . . 8

*Green Tree Finance Corp. v. Bazzle*, 539 U.S. 444 (2003).. . . . . 7

*Hall Street Associates, LLC v. Mattel, Inc.*, __ U.S. __, 128 S.Ct. 1396 (2008). . . . . 7

*Lee v. America National Insurance*, 206 F.3d 997 (9th Cir. 2001). . . . . 5

*Mazurek v. Armstrong*, 520 U.S. 968 (1997). . . . . 6

*Munaf v. Geren*, 553 U.S. __, 128 S.Ct. 2207 (2008).. . . . . 6

*Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285 (10th Cir. 2005). . . . . 5

*In re Piper Funds, Inc.*, 71 F.3d 298 (8th Cir. 1995) . . . . . 8

*Vaden v. Discover Bank*, __ U.S. __ (March 9, 2009). . . . . . 4, 5

*Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982).. . . . . 6

*Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365 (2008).. . . . . 6, 8

## FEDERAL STATUTES

9 U.S.C. §4.. . . . . *passim*

9 U.S.C. §10.. . . . . 2, 7

9 U.S.C. §16(a), (b). . . . . 8

28 U.S.C. §1292. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## INTRODUCTION

The Federal Arbitration Act does not permit federal courts to enjoin ongoing arbitration proceedings except in the most extraordinary circumstances. Those circumstances are not present here – not even close. Moreover, this Court does not even have jurisdiction to consider Cintas' motion for injunctive relief, because plaintiffs' appeal from this MDL Transferee Court's previous assertion of jurisdiction is still pending before the Ninth Circuit.

## BACKGROUND

Cintas, having so vigorously contended that plaintiffs must arbitrate, now seeks to have that ongoing arbitration enjoined because Cintas disagrees with recent rulings from the parties' jointly selected arbitrator. That is no basis for enjoining an ongoing arbitration.

The parties to these MDL proceedings are in arbitration because this Court ruled that they had entered into enforceable arbitration agreements encompassing the claimants' state and federal overtime claims. *Veliz* Dkt. #140, #516. The Ninth Circuit then ruled in April 2008 that those agreements vest the arbitrator, not Cintas (or this Court) with the power to determine the permissible scope of arbitration, based on the Arbitrator's "de novo" construction of the parties' contracts. *Veliz* Dkt. #820 at 2-4. Cintas now regrets its earlier decision to force thousands of its current and former employees to arbitrate their claims for unpaid overtime. But Cintas' second thoughts about the benefits and risks of arbitration do not entitle it to an order enjoining the arbitration now that it is well underway.

It was more than *five years ago*, on April 5, 2004, that this Court first ruled that most categories of opt-in plaintiffs must arbitrate rather than litigate their state and federal overtime claims against Cintas. *Veliz* Dkt. #140. After that ruling, and, at this Court's direction (*see Veliz* Dkt. #146 at 6), the plaintiffs encompassed by the Court's ruling promptly filed a Demand for Arbitration before the American Arbitration Association ("AAA"), on their own behalf and on behalf of others similarly situated. The parties jointly selected former Arizona Court of Appeal Judge Bruce Meyerson as their arbitrator, and have since filed dozens of briefs and have conducted numerous hearings before Arbitrator Meyerson on a range of procedural and substantive issues.

Cintas' present motion for injunctive relief is doubly ironic. After all, it was Cintas, not plaintiffs, that so vigorously urged this Court to compel the arbitration that Cintas now seeks to enjoin. *See, e.g., Veliz* Dkt. #45, #445, #455. And by trying to enjoin that arbitration now, Cintas is forced to argue that claimants are "refus[ing] to arbitrate" under Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, even though those claimants are actively arbitrating in the ongoing proceeding before Arbitrator Meyerson under the AAA rules and pursuant to the Arbitrator's own rulings.

Ironies aside, Cintas' motion fails for a series of reasons, both legal and factual.

First, this Court has no jurisdiction to issue any further rulings in this MDL proceeding (which Cintas itself acknowledges was stayed on May 3, 2007) until after the Ninth Circuit rules on the pending appeal and the appellate mandate issues. MDL Dkt. #58.

Second, even if this Court had jurisdiction, the FAA precludes the Court from disturbing the status quo by enjoining the parties' ongoing arbitration.

Third, Cintas has not demonstrated any significant likelihood of prevailing as a legal matter on its legal arguments (either that claimants, by participating in an arbitration under the procedures set by the Arbitrator, are somehow "refus[ing] to arbitrate" within the meaning of FAA §4; or that Arbitrator Meyerson "exceeded his powers" under FAA §10 in construing the parties' contracts as permitting class and collective arbitration).

Fourth, Cintas has not identified *any* legally cognizable prejudice that would result from allowing the ongoing arbitration to continue. The threshold legal issues that the parties are currently briefing before Arbitrator Meyerson (which address the governing legal standards under the Motor Carrier Act exemption to the FLSA) would have to be decided whether that arbitration proceeds on behalf of 10 plaintiffs or 10,000. Although the parties have submitted proposed discovery plans to Arbitrator Meyerson, that discovery will not begin until after the Arbitrator has ruled on the governing legal standards. And while the parties will continue to incur a limited amount of costs and fees in the arbitration, that is nothing new, as the parties have already incurred millions of dollars of legal fees on arbitration-related issues.

In short, Cintas may not like the way the arbitration is going, but that does not constitute

undue prejudice. Instead, it is a function of the uncertainties that result from submitting a complex dispute to a neutral decision-maker – and that submission occurred years ago.

The current status of the arbitration, in a nutshell, is as follows:

Plaintiffs filed a Demand for Arbitration on May 4, 2004, and supplemented the Demand on July 8, 2004 and September 20, 2005. On November 1, 2004, the parties jointly selected Bruce Meyerson as their arbitrator.

After a series of clause construction rulings by Arbitrator Meyerson on July 27, 2006, October 13, 2006, and May 7, 2007, and after rulings by the *Veliz* Court on December 5, 2006, and September 5, 2007, the Ninth Circuit on April 8, 2008 reversed and remanded the clause constructions to the Arbitrator for his de novo review. *Veliz* Dkt. #820.

On December 11, 2008, Arbitrator Meyerson issued his post-remand clause construction award. He ruled that the parties intended their agreements *to allow* class and collective arbitration. *See* Dec. 11, 2008 Clause Construction Award (*Veliz* Dkt. #1228, Ex. 1) at 2-8, 10. The parties then filed cross-motions to confirm and vacate that ruling (in the *Veliz* litigation). Those cross-motions are scheduled to be heard on June 2, 2009, the same day as this motion (in the *MDL* litigation).

After considering the parties' written discovery plans (and twice denying Cintas' requests for a stay of arbitration), Arbitrator Meyerson on February 5, 2009 ordered the parties to brief two issues before discovery begins: 1) what legal standards govern Cintas' assertion of its principal defense – that plaintiffs are exempt from overtime protection under the Motor Carrier Act ("MCA") exemption to the FLSA (the issue that Magistrate Judge Seeborg in the *Veliz* litigation addressed in his November 13, 2008 and April 23, 2009 summary judgment rulings, *Veliz* Dkt. #1039, #1563); and 2) what is the scope of the arbitration (*i.e.,* which plaintiffs are asserting FLSA claims on an individual or collective action basis, and which plaintiffs are asserting state law claims on an individual or class action basis). Briefing on those issues will be completed before the hearing in this matter. Oral argument on those issues is scheduled before Arbitrator Meyerson on June 25, 2009.

Also relevant to the current motion is the status of the Ninth Circuit appeal, which is as

follows:

On April 7, 2008, after the completion of briefing and oral argument, the Ninth Circuit panel (Reinhardt, D. Nelson, and Bea, JJ) vacated the submission of plaintiffs' interlocutory appeal pending the U.S. Supreme Court's decision in *Vaden v. Discover Bank*, __ U.S. __, No. 07-773 (March 9, 2009). The *Vaden* case was decided on March 9, 2009. On March 10 and 12, the parties submitted supplemental briefs to the Ninth Circuit panel, advising the appellate panel of that opinion and how it affected the remaining issues to be decided. While the parties disagreed about whether the Ninth Circuit *should* decide the second issue presented by plaintiffs' §1292(b) appeal (whether plaintiffs' efforts to arbitrate in the proceedings before Arbitrator Meyerson constituted a "refusal to arbitrate" under FAA §4 because Cintas believes they should be arbitrating individually in different fora), both parties agree that it is for the Ninth Circuit panel, in the first instance, to determine *whether* to decide that issue. *See infra* at 5 n.2. The Ninth Circuit panel has not yet ruled on either issue presented in the interlocutory appeal.

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO ISSUE AN INJUNCTION WHILE THE APPEAL IS PENDING

This Court has no jurisdiction to enjoin the pending arbitration in its capacity as the MDL Transferee Court, as Cintas requests, because the MDL action has been stayed and because the Ninth Circuit appeal from this Court's prior ruling is still pending. *See* MDL Dkt. #58 (staying suggestion of remand order "pending a decision of the Ninth Circuit Court of Appeals, and further order of this Court subsequent to appellate resolution").[1] Until the Ninth Circuit decides the pending appeal and issues its mandate, this Court has no power to issue an interlocutory injunction that disrupts the status quo.

Plaintiffs' pending MDL interlocutory appeal raises two jurisdictional issues: 1) whether this Court had subject matter jurisdiction over Cintas' 70 petitions to compel arbitration; and 2)

---

[1] As noted in plaintiffs' Response to Cintas' Motion for Administrative Relief, Dkt. #1561, Cintas seeks an injunction *only* in this MDL case, and has not filed any request for injunctive relief in the *Veliz* case itself.

whether Cintas had standing as a party "aggrieved by" claimants' "refusal to arbitrate" their claims against Cintas under FAA §4. Although Cintas' motion to enjoin the arbitration asserts that *Vaden* somehow disposes of the entire appeal, in fact *Vaden* addresses only the first of the two subject matter jurisdiction issues. The second issue has not yet been decided by the Ninth Circuit; both sides have submitted supplemental briefs to the Ninth Circuit panel; and those briefs recognize that the Ninth Circuit still needs to decide whether to address both jurisdictional issues in its upcoming decision. As a result, plaintiffs' MDL §1292(b) appeal continues to be within the Ninth Circuit's exclusive jurisdiction. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). Consequently, this Court does not even have *jurisdiction* in its capacity as the MDL court to enjoin the ongoing arbitration until after the Ninth Circuit rules.[2]

Cintas acknowledges that the Ninth Circuit still has jurisdiction over plaintiffs' appeal, but contends that this Court may nonetheless issue an injunction to preserve the status quo pending resolution of that appeal. MDL Dkt. #71 at 3 n.4; *Veliz* Dkt. #1558 at 4 n.4. The current status quo, however, is that the arbitration proceedings are underway – and have been since May *2004*, years before Cintas filed its 70 frivolous petitions to compel arbitration. Moreover, the stay of this litigation ordered by this Court in its capacity as the MDL Transferee Court remains in effect pending a decision by the Ninth Circuit and issuance of the appellate mandate. *See* MDL Dkt. #58 (staying suggestion of remand order "pending a decision of the Ninth Circuit Court of Appeals, *and further order of this Court subsequent to appellate resolution*") (emphasis added). For the MDL Transferee Court to enjoin those ongoing

---

[2] Although this Court certified only the *Vaden* "look through" issue for interlocutory appeal, the Ninth Circuit granted review under 28 U.S.C. §1292(b) and thus has jurisdiction to decide *all* matters fairly placed at issue by the certified order. *Lee v. Am. Nat'l Ins.*, 206 F.3d 997, 1001 (9th Cir. 2001). This includes the issue of whether the claimants are "refus[ing] to arbitrate" under FAA §4. Not only did the Ninth Circuit reject Cintas' attempt to limit the scope of issues the panel could consider, but the panel will presumably decide this second issue under the doctrine that "[a]n appellate court can and should address a different legal question [than the one certified by the district court] if it controls the disposition of the certified order." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1291 (10th Cir. 2005). As the question whether plaintiffs "refus[ed] to arbitrate" within the meaning of §4 controls the disposition of the certified order, the Ninth Circuit will be required to address it.

arbitration proceedings would therefore *disrupt* the status quo (as well as the policies underlying the FAA, *see infra* at 7-8).[3]

In short, Cintas has no right to seek a district court injunction based on its assertion that the arbitrating claimants are "refus[ing] to arbitrate" under FAA §4, because that is one of the two issues currently on appeal before the Ninth Circuit. As this Court lacks jurisdiction, Cintas' motion to enjoin the arbitration must be denied.

## II. EVEN IF THIS COURT HAD JURISDICTION TO RULE ON THE MERITS OF CINTAS' MOTION, INJUNCTIVE RELIEF WOULD NOT BE WARRANTED

As the Supreme Court recently reiterated, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.,* __ U.S. __, 129 S.Ct. 365, 376 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). To meet that burden, "a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citing *Munaf v. Geren*, 553 U.S. __, 128 S.Ct. 2207, 2218-19 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982)). Cintas has not come close to making such showing.

---

[3] Plaintiffs have been diligently pursuing their claims in arbitration for more than three years and were doing so when Cintas first filed its 70 nationwide petitions to compel arbitration. At the time Cintas filed its petitions, plaintiffs in *Veliz* had already commenced the class and collective arbitration before Arbitrator Meyerson in response to the *Veliz* Court's April 26, 2004 Order that they commence such an arbitration. *Veliz* Dkt. #146 at 6. This Court had already granted Cintas' motion staying further judicial proceedings as to the 1,900 plaintiffs who are respondents in Cintas' 70 petitions to compel arbitration. *Veliz* Dkt. #516 at 2-3. And the 1,900 arbitrating plaintiffs had already filed their clause construction brief with Arbitrator Meyerson in the San Francisco arbitration, in which they sought to participate in that arbitration proceeding and explained why Cintas' arbitration agreements should be interpreted to permit that arbitration to proceed on a class and collective action basis. *Veliz* Dkt. #536, ¶9. It was only after all that occurred, on or about March 10, 2006, that Cintas began filing its 70 petitions across the country alleging that plaintiffs were failing or refusing to arbitrate and seeking an order directing such an arbitration. *Id.*, ¶8.

**A. Cintas Has Not Established A Likelihood Of Success**

The last time Cintas asked this Court to overturn Arbitrator Meyerson's clause construction rulings, the Ninth Circuit panel reversed the Court's Order and remanded with instructions that the Arbitrator must be free to exercise his own *de novo* contract construction authority. Ninth Cir. April 8, 2008 Order (*Veliz* Dkt. #820) at 2-4. Cintas is again asking the Court to do what the Ninth Circuit has held it cannot – vacate the Arbitrator's clause construction ruling based on Cintas' arguments that the Arbitrator's construction of the contract is not correct. But Cintas has no greater likelihood of getting the Ninth Circuit to accept that result now than before, especially given the panel's strongly worded ruling that it is solely up to the Arbitrator to decide what the parties intended their contract to mean. *Veliz* Dkt. #820 at 3-4; *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-53 (2003); *Veliz* Dkt. #426 (May 4, 2005 Order) at 9-10 ("the determination of whether the arbitration agreements at issue allow for class arbitration or not is for the arbitrator, not the Court, to decide").

In the present procedural context, moreover, Cintas' likelihood of success is even lower, because this time it also has to overcome the threshold jurisdictional problem as set forth above. And even if Cintas could establish this Court's jurisdiction to enter an injunction, it would also have to demonstrate that the arbitrating claimants (who are not only actively arbitrating before Arbitrator Meyerson, but who *prevailed* on the preliminary procedural issues in that arbitration) are actually "refus[ing] to arbitrate." To make that showing, Cintas would have to establish both that a party that chooses to arbitrate in one forum rather than another may be "refus[ing] to arbitrate" if that choice was precluded by the contract *and* that Arbitrator Meyerson "exceeded his powers" under the judicial review provision of FAA §10 by ruling that the claimants' chosen arbitral forum was *permitted* by the contract, and not precluded by it. *See Hall Street Assocs., LLC v. Mattel, Inc.*, __ U.S. __, 128 S.Ct. 1396, 1404-05 (2008).

**B. The Remaining Factors Weigh Against Injunctive Relief**

Even if Cintas could establish jurisdiction despite the pending Ninth Circuit appeal, and even if Cintas could show a likelihood of success on the merits, both as to the meaning and reach of FAA §4 and its challenge to the Arbitrator's clause construction award, Cintas would

still not be entitled to enjoin the arbitration without demonstrating a likelihood of substantial prejudice. *Winter*, 129 S.Ct. at 375-76. Congress has made clear as a matter of federal policy, however, that injunctions against ongoing arbitrations are permitted only in the most exceptional circumstances (which is why, for example, an order staying an arbitration is immediately appealable, while an order denying a stay of arbitration is not). *Compare* 9 U.S.C. §16(a)(2) *with* 9 U.S.C. §16(b)(4)); *see also Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1345 (9th Cir. 1990).

There is a longstanding federal policy against staying ongoing arbitrations. *See In re Piper Funds, Inc.*, 71 F.3d 298, 302 (8th Cir. 1995) ("[T]he FAA does not authorize a district court to enjoin arbitration; instead, §16(a)(2) makes immediately appealable 'an interlocutory order granting ... an injunction against an arbitration that is subject to this title.' Consistent with the national policy favoring arbitration, there are very few reported cases in which a federal court has enjoined arbitration."). "[T]he fact that [arbitration] imposes a cost, the cost of the arbitration . . . does not show irreparable harm." *Graphic Comm'ns Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985). Indeed, "employers who seek stays merely on the ground that the arbitration may turn out to be a wasted expense of time and money are whistling in the dark." *Id*. at 16.

Because "[a]rbitration is supposed to be swift," it is undermined by orders staying arbitration proceedings. *Graphic Comm'ns Union*, 779 F.2d at 15. Here, Cintas has made no showing that any of the events likely to happen in arbitration in the immediate future will cause irreparable harm. At the upcoming June 25 hearing, the Arbitrator will consider what legal standards will govern future proceedings, just as Magistrate Judge Seeborg recently did in the *Veliz* case. *See Veliz* Dkt. #1563. The Arbitrator will also determine what claims have been submitted in the arbitration, and whether claimants can amend their Demand to include additional claims. None of those rulings could cause *irreparable* harm to Cintas, and Cintas does not even argue to the contrary.

**CONCLUSION**

Cintas' motion is frivolous. There is no basis in fact or law for the relief it seeks. For

the reasons stated above, this Court should deny Cintas' motion for injunctive relief.

DATED: May 12, 2009

Respectfully submitted,

ALTSHULER BERZON LLP

/s/ Michael Rubin

Michael Rubin

Attorneys for Plaintiffs PAUL VELIZ, *et al.*